```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  CHARLOTTE DIVISION
                    3:10CV14-MU-02
```

```
ERIC LAMAR TOLBERT,         )
     Plaintiff,             )
                            )
        v.                  )
                            )
SAM P. HASSAN, Physician    )
  at Lanesboro Correction-  )
  al Institution;           )
JOSEPH MARTIN LIGHTSEY,     )
  Physician at Central      )
  Prison; and               )
(FNU) WYATT, Physician at   )
  Scotland Correctional     )
  Institution,              )
     Defendants.            )
_____)
```

**THIS MATTER** comes before the Court on review of Plaintiff's form-civil rights Complaint, filed January 12, 2010. Upon careful review of the Complaint, the Court has determined that the allegations against Defendants Hassan and Lightsey fail to state a cognizable claim for relief; therefore, the Court will dismiss the Complaint, with prejudice, as to them. In addition, the Court has determined that while Plaintiff's allegations against Defendant Wyatt are sufficient to withstand its initial review, they also relate to matters which allegedly occurred at a facility which is located in the Middle District of North Carolina. Consequently, the Court will <u>transfer</u> those allegations to the United States District Court for the Middle District of North

Carolina.

At the outset, the Court notes that Plaintiff is a frequent filer who previously was determined to be a "three striker." That is, on September 1, 2009, Plaintiff sought to bring an <u>in forma pauperis</u> action under 42 U.S.C. § 1983 against certain prison personnel. <u>Tolbert v. Stevenson, et al.</u>, 3:09CV382. Upon the Court's initial review, it was discovered that Plaintiff already had sustained at least three prior dismissals for frivolity and/or a failure to state a claim for relief. Accordingly, by Order filed October 5, 2009, the Court dismissed the Complaint without prejudice to his right to pay the applicable filing fee and re-file his Complaint.[1] Plaintiff, therefore, may not now proceed <u>in forma pauperis</u> with the instant Complaint unless he is "under imminent danger of serious physical injury." <u>See</u> 28 U.S.C. § 1915(g)(1) (providing that prisoners are ineligible to proceed <u>in forma pauperis</u> after having had three prisoner actions dismissed for frivolity or failure to state a claim, unless they are under imminent danger of serious physical injury.).

To this end, Plaintiff merely has written the statute's standard "in imminent danger of serious physical injury" in the margin of the first page of his current form-Complaint. Thus, it

---

[1] The Court's dismissal of that action currently is on appeal before the Fourth Circuit Court of Appeals.

is far from likely that such conclusory recitation is sufficient to meet the requirements of § 1915(g). However, reading this representation in conjunction with Plaintiff's allegations, the Court, in an abundance of caution, will conclude that he sufficiently has alleged that he is under imminent danger so as to entitle him to proceed in forma pauperis with this action. Notwithstanding this determination, however, the Court further finds that Plaintiff's allegations against Defendants Hassan and Lightsey must be dismissed for his failure to state a claim for relief as to them.

Plaintiff alleges that in January 2009, while he was incarcerated at Central Prison, he complained of excruciating back pain to Defendant Lightsey and asked why his "x-rays ke[pt] coming back negative for his back . . ." despite such pain. Defendant Lightsey reportedly explained that Plaintiff's pain was caused by two "damag[ed]" vertebrae in his lower back, and he referred Plaintiff to a rheumatologist for treatment. Plaintiff contends that such referral was improper, ineffective and not based upon "sound medical judgment." Thus, Plaintiff alleges that Defendant Lightsey was deliberately indifferent to his serious medical condition.

Plaintiff next alleges that in May 2009, while he was incarcerated at Scotland Correctional Institution, he complained to Defendant Wyatt about back pain and difficulty with standing for

3

long periods of time.  Plaintiff alleges that although Wyatt looked through all of his medical files, he told Plaintiff that there was nothing wrong with his back.  Consequently, Plaintiff alleges that Defendant Wyatt also was deliberately indifferent to him.

Last, Plaintiff alleges that on December 28, 2009, he complained of back pain to Defendant Hassan at his current place of confinement.  In response, Defendant Hassan reportedly conducted "intensive [sic] research" on his back; and has "continue[d]" to give Plaintiff otherwise unspecified "treatment."  However, Plaintiff asserts that Defendant Hassan should have sent him to a "back specialist"; that Dr. Hassan's treatment is ineffective; and that he has lost his ability to bend over.  Therefore, Plaintiff alleges that Defendant Hassan is being deliberately indifferent to him.

The law is clear that to constitute deliberate indifference, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997).  "[T]o establish that a health care provider's actions constitute deliberate indifference . . . , the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. . . ." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990).  Thus, sufficiently pled allegations of

deliberate indifference can state a constitutional claim for relief.

On the other hand, the law is equally well settled that allegations of mere malpractice or negligence in diagnosis or treatment do not state constitutional claims for relief. <u>Estelle v. gamble</u>, 429 U.S. 97, 105-06 (1976); <u>Johnson v. Quinones</u>, 145 F.3d 164. 168 (4th Cir. 1998). Nor can a plaintiff state a claim on the basis of his disagreement with the physician over the proper course of treatment. <u>Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975).

Here, the factual allegations concerning Defendants Lightsey and Hassan make it clear that neither was deliberately indifferent to Plaintiff's condition and complaints. Rather, Defendant Hassan thoroughly "researched" Plaintiff's problem and both Defendants prescribed treatment for Plaintiff. That Plaintiff disagrees with and is dissatisfied by the subject treatment and results thus far simply does not give rise to a constitutional claim for deliberate indifference. Indeed even assuming that such courses of treatment were improper, Plaintiff, at most, may be able to state a claim for medical malpractice in the appropriate North Carolina court. To put it simply, Plaintiff does not allege conduct by Defendants Hassan or Lightsey which either shocks the conscience or is intolerable to fundamental fairness.

On the other hand, Plaintiff alleges that when he complained of back pain to Defendant Wyatt, he merely reviewed his medical records and told him that there was nothing wrong with his back. Such allegation is, therefore, sufficient to withstand the Court's initial review. Nevertheless, in light of the Court's determination that Plaintiff cannot proceed against Defendant Hassan -- the only Defendant who conceivably could be found or may reside within this district -- the Court finds that the remaining allegations against Defendant Wyatt should be transferred to another venue.

Venue in a civil action based upon a federal question, i.e., alleged violations of an inmate's civil rights, is proper in: 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. §1391(b).

The Complaint does not set forth the home addresses for any Defendant, it merely reports that Defendant Wyatt is employed at Scotland Correctional Institution. Said facility is situated within the Middle District of North Carolina. Consequently, that

6

district is the proper venue in which to resolve Plaintiff's remaining claim against Defendant Wyatt.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Complaint is not barred by the "three strikes" provision of 28 U.S.C. § 1915(g);

2. Pursuant to 28 U.S.C. § 1915A(b)(1), Plaintiff's allegations against Defendants Hassan and Lightsey are **DISMISSED** for his failure to state a claim for relief as to them;

3. Pursuant to 28 U.S.C. §1391(b), Plaintiff's surviving allegations against Defendant Wyatt are **TRANSFERRED** to the United States District Court for the Middle District of North Carolina;

4. Plaintiff'S Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**; however, this Court shall refrain from entering its standard order directing partial payments from Plaintiff so that the United States District Court for the Middle District of North Carolina can enter its own order directing payments from Plaintiff; and

5. The Clerk is directed to send copies of this Order to Plaintiff.

**SO ORDERED.**

Signed: January 19, 2010

Graham C. Mullen
United States District Judge